JOANOS, Judge.
In this workers’ compensation appeal we affirm the deputy commissioner’s finding that Mary Aileen Grassi’s death was causally related to her employment. We note, and appellees concede, that the correct compensation rate is $271.00 rather than *505 $273.00 per week. We find no error in the award of funeral expenses, the actual amount of which was far below the statutory maximum.
Appellants contend the deputy commissioner erred in awarding dependency benefits to the deceased employee’s three year old grandson Jason and her two sons, Frank and Michael, who are not minors but are mentally incapacitated. We affirm as to Jason. Regarding Frank and Michael, who were 25 and 28 years of age at the time of their mother’s death, the issue is more complex. Appellants contend the awards to Frank and Michael are precluded by Section 440.02(5) Florida Statutes (1983), which provides:
“Child” includes a posthumous child, a child legally adopted prior to the injury of the employee, and a stepchild or acknowledged illegitimate child dependent upon the deceased, but does not include married children unless wholly dependent on him. “Grandchild” means a child as above defined of a child as above defined. “Brother” and “sister” include stepbrothers and stepsisters, halfbroth-ers and halfsisters, and brothers and sisters by adoption, but does not include married brothers or married sisters unless wholly dependent on the employee. “Child,” “grandchild,” “brother,” and “sister” include only persons who at the time of the death of the deceased employees are under 18 years of age, or under 22 years of age if a full-time student in an accredited educational institution, (emphasis supplied)
On the other hand, appellee contends Section 440.02(5) should be read in pari mate-ria with Section 440.16(2), Florida Statutes (1983), which provides:
For the purpose of this chapter, the dependence of a spouse of a deceased employee shall terminate with remarriage. The dependence of a child, except Or child physically or mentally incapacitated from earning a livelihood, shall terminate with the attainment of 18 years of age, with the attainment of 22 years of age if a full-time student in an accredited educational institution, or upon marriage, (emphasis supplied)
We agree with appellee that the two statutory provisions should be read in pari mate-ria. The reasoning in the dissenting opinion of former Commissioner Friday in Wackenhut Corp. v. Shipe, IRC 2-3331 (1978), is the more persuasive. Chairman Friday pointed out that under appellants’ reading of the statute, a “parent of a deceased employee is entitled to benefits ... if and while dependent” and “a child who is one day short of 18 years at the time of employee’s death, physically or mentally incapacitated from earning a livelihood, will receive benefits’ ... but one who is 18 at that time, yet so incapacitated, will not!” He concluded “[tjhere is no greater duty or need, statutory or otherwise, to support a parent of a worker killed in an industrial accident, which parent is dependent on that worker, than the duty or need attendant upon that deceased worker’s totally incapacitated child, dependent on him for support.” Thus we now hold that a child of a deceased employee who is dependent due to physical or mental incapacity at the time of the parent’s death may be entitled to dependency benefits even though over the age of 22 at the time of the employee’s death. In the present case there is competent substantial evidence to show that Frank was actually dependent on his mother at the time of her death. The record does not contain such evidence as to Michael, however, therefore we reverse as to him.
In summary, we affirm the findings that both Jason and Frank are entitled to dependency benefits as a result of Mary Aileen Grassi’s death, which was causally related to her employment. We reverse the finding that Michael is entitled to dependency benefits and modify the order as to the appropriate compensation rate, which is $271.00.
The order is affirmed in part as modified and reversed in part.
WENTWORTH and THOMPSON, JJ., concur.